<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHRISTOPHER M. H.,** <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY,** <br><br> Defendant. | Civil Action No. 22-4216 (ZNQ) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Christopher M. H.'s appeal of the Social Security Administration's denial of his application for Disability Benefits and Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 423, *et seq.* (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

After reviewing the parties' submissions and the Administrative Record ("AR"), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence. Accordingly, the decision will be AFFIRMED.

**I.     BACKGROUND**

The sole issue before the Court on this appeal is whether the ALJ properly considered the opinion of treating podiatrist Brendan Kane, D.P.M ("Dr. Kane.")

A.    **Procedural Posture**

On May 21, 2020, Plaintiff Christopher M. Howard ("Plaintiff") filed an application for Disability Benefits and Disability Insurance and Supplemental Security Income (SSI), alleging that the onset of his disability started on January 30, 2020. (ECF 6-2, AR 26.) The Social Security Administration ("SSA") denied the request both initially and on reconsideration. (*Id*.) Thereafter, Plaintiff requested a hearing, and due to the COVID-19 Pandemic, a telephone hearing was held on February 12, 201. (*Id*.) In June 2021, the presiding ALJ issued a decision, finding that Plaintiff was not disabled under sections 216(i) and 223(d), and 1614(a)(3)(A) of the Social Security Act. (*Id*. 38.) The SSA's Appeals Council denied Plaintiff's request for review, finding no grounds for review. (*Id*. 1.) Accordingly, Plaintiff initiated his present appeal before the Court. (ECF No. 1.)

On November 29, 2022, Plaintiff filed his Opening Brief ("Pl's Br.,"), (ECF No. 9), and on January 12, 2023, the Commissioner filed an Opposition Brief ("Opp'n Br.,") (ECF No. 11). Plaintiff did not file a Reply.

B.    **The ALJ's Decision**

On June 1, 2021, the ALJ determined that Plaintiff was not disabled under the prevailing Administration regulations. (*See generally* AR 26-38.) First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023. (*Id*. at 29.) Next, the ALJ set forth the five-step process for determining whether an individual is disabled. (*Id*.) (citing 20 C.F.R. § 416.920(a)). At step one, the ALJ found that Plaintiff had not "engaged in substantial gainful activity" since the disability onset date, January 30, 2020. (*Id*.) (citing 20 C.F.R. § 404.1571; 20 C.F.R. § 416.971 *et seq*.) At step two, the ALJ found that Plaintiff suffered from several severe impairments, including "tatus-post fracture of the lateral malleolus of the right fibula, with deltoid rupture, and syndesmotic rupture, of the right ankle." (*Id*.) (citing 20 C.F.R. §§ 404.1520(c)) and 416.920(c)).) At step three, the ALJ determined that Plaintiff did not have

"an impairment or combination of impairments" that qualified under the Administration's listed impairments. (*Id*.) (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.)

Before proceeding to step four, the ALJ concluded that Plaintiff had the residual functional capacity to "perform sedentary work" as the regulations define that term, with limited exceptions, including that Plaintiff

> can never push or pull with the right lower extremity such as for the use of foot pedals; can occasionally climb ramps and stairs; can never climb ladders, ropes, and scaffolds; can frequently balance and stoop; can never kneel, crouch, or crawl; can never work at unprotected heights or work with machinery involving exposed moving mechanical parts and can never operate a motor vehicle or heavy equipment. (*Id*. at 31) (citing 20 C.F.R. § R 404.1567(a) and 416.967(a)).

At the fourth step, the ALJ concluded that Plaintiff "is unable to perform his past relevant work." (*Id*. at 36) (citing 20 C.F.R. § 404.1565 and 416.963.) Moreover, the ALJ considered Plaintiff's age and found that Plaintiff was born on February 23, 1972, and was 47 years old, which is defined as "a younger individual age 45-49, on the alleged disability onset date." (*Id*. at 37) (citing 20 C.F.R. § 404.1563 and 416.963). Additionally, the ALJ found that Plaintiff has limited education, but determined that transferability of job skills is not material to the determination of disability. (*Id*.) (citing 20 C.F.R. § 404.1564 and 416.963); (citing SSR 82-41 and 20 C.F.R. § Part 404.) At the fifth step, the ALJ concluded that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id*.) (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

## II.     LEGAL STANDARD

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, (1938)). In other words, substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Commissioner of SSA*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require an explanation from the ALJ of the reason why probative evidence has been rejected to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (internal citation omitted).

### III.     **DISCUSSION**

Plaintiff argues that the ALJ failed to properly consider the opinion of treating podiatrist Dr. Kane. (Pl's Br. at 7.) Although the ALJ determined that Plaintiff could perform sedentary work with *several* exceptions, Plaintiff contends that Dr. Kane opined that his symptoms associated with his impairments "were severe enough to often interfere with the attention and concentration required to perform simple work-related tasks." (Pl's Br. at 9.) Specifically, Dr. Kane opined that Plaintiff,

> would need to recline or lie down in excess of the typical scheduled breaks in an eight-hour workday; could not walk without rest or significant pain because he was non-weight bearing; could sit for eight hours in an eight-hour workday and stand/walk for zero hours; would need to take unscheduled ten-minute breaks every 30 minutes in an eight-hour workday; and would be absent from work more than four times a month as a result of his impairments or treatments.

(Pl's Br. at 9.) Additionally, Dr. Kane explained that Plaintiff would need a job "where he could shift at will from sitting, standing, or walking, would need to take an extra break of 10 minutes per every hour worked, and would miss work once or twice a month due to impairments and/or treatments." (*Id.*) Plaintiff argues that because Dr. Kane's opinions were well-supported by his notes and other existing medical records, the ALJ erred and should have found Dr. Kane's opinions persuasive. (Pl's Br. at 10.)

Under the updated regulations, an ALJ is to consider the persuasiveness of the medical opinions and prior administrative medical findings instead of assigning them weight, as was required under the previous regulations. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Critically, the two most important factors are supportability and consistency. (*Id.*) After careful review of the the ALJ's decision, the Court finds that the ALJ carefully considered the opinions of Dr. Kane.

First, the ALJ considered Dr. Kane's opinions when evaluating whether Plaintiff has an impairment or combination of impairments that meets or medically equals the severity of one of the

listed impairments. The ALJ determined that Plaintiff's need for assistive devices did not last for a continued 12-month period, which was further supported by Dr. Kane who noted that Plaintiff "had no difficulty performing continuous fine or gross manipulation and was able to lift/carry at least 10 pounds." (AR at 30.) Next, the ALJ thoroughly considered the opinions of Dr. Kane when finding Plaintiff's residual functional capacity at an ability to perform sedentary work. (*Id.*) Thereafter, the ALJ carefully outlined Dr. Kane's medical observations and medical source statements, (AR at 33–36), and ultimately concluded that Dr. Kane's findings are in fact consistent with a sedentary residual functional capacity. (*Id.* at 36.) Specifically, the ALJ noted that "[w]hile (Plaintiff's) limitations were more restricted in May 2020, (Dr. Kane's) subsequent findings June 2020, September 2020 and February 2021, suggest improvement to at least a sedentary exertional level, noting an ability to stand/walk up to two hours as well as lift/carry up to 10 pounds." (*Id.*)

Notwithstanding, the ALJ did find inconsistencies, including Dr. Kane's suggestion that Plaintiff might miss 1-2 days of work per month, but found nothing in the record to support this. (*Id.*) Rather, the ALJ noted that the treatment record showed that Plaintiff's condition had stabilized, and his pain responds to medications. (*Id.*) Additionally, the ALJ found that Dr. Kane's

> findings are mostly consistent with the treatment record and are persuasive only to the extent consistent with a sedentary exertional level, which his supported by the overall record, as discussed herein. Dr. Kane's opinions are not persuasive as to other, nonexternal limitations, such as likely absences, and the need for unscheduled breaks, which are not supported within the opinions, within Dr. Kane's treatment records, or within the overall record in this case.

(AR. at 36.) Furthermore, the ALJ found inconsistent that Dr. Kane's medical source statement in February 2021 appeared to suggest that Plaintiff has extreme limitations in sustaining concentration and in social interaction but found nothing in the record to support this. (*Id.*) In contrast, the ALJ found that "while treatment notes generally suggest some complaints of anxiety and depression, there have been no diagnosis of a mental health impairment. There are also no

complaints in the areas outlined in the medical source statement." (*Id*.)  In sum, the ALJ assessed Dr. Kane's opinions and persuasiveness concerning Plaintiff's extreme limitations but found them to be unpersuasive and not supported by the record.  (*Id*.)

Accordingly, the Court finds that the ALJ's assessment of Dr. Kane's persuasiveness was explained and supported by the record.

### IV.    CONCLUSION

For the foregoing reasons, the Court will AFFIRM the ALJ's decision.  An appropriate Order will follow.

**Date: July 13, 2023**

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**